[31 NYS3d 888]

In the Matter of ROBERT J. DEPALMA (Admitted as ROBERT JOHN DEPALMA), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 11, 2016

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

On December 7, 2015, the respondent pleaded guilty in Supreme Court, Richmond County, before the Honorable Joel Goldberg, to four counts of grand larceny in the second degree, in violation of Penal Law § 155.40 (1), a class C felony, and one count of scheme to defraud in the first degree, in violation of Penal Law § 190.65 (1) (b), a class E felony. On December 23, 2015, he was sentenced to indeterminate terms of imprisonment of 2⅓ to 7 years on each of the grand larceny counts, and 1⅓ to 4 years on the remaining count. In addition, he was directed to pay a surcharge of $300, a crime victims assessment fee of $25, and a DNA fee of $50.

The plea minutes reveal that, during the period from 2009 to 2012, the respondent misappropriated or stole client funds belonging to four different clients (Carmella Merola, Patricia Sherry, Farris Summers, and the estate of Anna Duval). In each instance, the respondent invaded his clients' funds for personal use, using the funds to pay his bills, mortgage, and rent. Furthermore, when these individuals demanded their funds and the respondent failed to deliver to these individuals the funds they were entitled to receive, the respondent made false representations and promises to them at different points in time. The respondent lacked the funds to make full restitution to his victims. The Assistant District Attorney indicated that the People intended to seek confessions of judgment in the following amounts: $250,145 (Merola); $114,287.97 (Sherry); $122,129.39 (Summers); and $213,497 (Duval).

The instant motion was served on December 18, 2015, on the respondent's counsel, Eric Nelson, who agreed to accept service on behalf of the respondent. The respondent has neither responded to the motion nor asked for additional time in which to do so.

By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted, to reflect the respondent's disbarment on December 7, 2015.

ENG, P.J., DILLON, BALKIN, LEVENTHAL and SGROI, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Robert J. DePalma, admitted as Robert John DePalma, a suspended attorney, is disbarred, effective December 7, 2015, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Robert J. DePalma, admitted as Robert John DePalma, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert J. DePalma, admitted as Robert John DePalma, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee or another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Robert J. DePalma, admitted as Robert John DePalma, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).